**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Paul Ford, | : |
|               Plaintiff, | : |
| v. | : No.: 11-cv-00298(ESH) |
| Progressive Financial Services, | : |
|               Defendant. | : |

**FIRST AMENDED COMPLAINT**

For this his First Amended Complaint, Plaintiff, Paul Ford, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2. Jurisdiction of this Court is found under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's claims sounding in violations of the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C. § 1367(a).

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

## PARTIES

5. The Plaintiff, Paul Ford ("Plaintiff"), is an adult individual residing in Washington, District of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, Progressive Financial Services ("Progressive"), is a business entity with an address of 1919 West Fairmont Drive, Building 8, Tempe, AZ 85282. As its principal business, Progressive regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another. As such, Progressive is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

7. Does 1-10 (the "Collectors") are individual collectors employed by Progressive and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Progressive at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10. The Debt was incurred over thirty years ago and arose from a student loan related to Plaintiff's attendance at Clark College.

11. The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was a consumer credit sale or a direct installment loan as those terms

are used by DCCPA § 28-3814(a) and defined by § 28-3802.

13. Subsequently, the Debt went into arrears.

14. Thereafter, the Debt was purchased, assigned or transferred to Progressive for collection, or Progressive was employed by the Creditor to collect the Debt.

15. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Progressive Engages in Harassing Debt Collection Tactics**

16. Progressive began calling the Plaintiff in July, 2010.

17. The telephone calls were placed to Plaintiff's cellular and home phones.

18. Defendants left numerous voicemails on Plaintiff's home answering machine.

19. The messages advised the Plaintiff that the caller was a "debt collector" and requested that Plaintiff call back.

20. At the time, Plaintiff resided with other individuals that had access to, and regularly used, the same telephone line and answering machine.

21. Defendants' messages were freely accessible and available to these third parties.

22. The Defendants placed an extremely high volume of calls to the Plaintiff's cellular telephone.

23. The Defendants used both live and automated dialers and placed calls throughout the day.

24. The Plaintiff told the Defendants that they could not call him on his cell phone while he was at work. The Plaintiff instructed the Defendants to cease such calls between 8 o'clock in the morning to 6 o'clock at night, Monday through Friday.

25. Despite Plaintiff's request and warning, the Defendants continued to place calls to

his cellular phone while he was at work.

26. The frequency of the Defendants calls and the prohibited calls to Plaintiff at his place of employment show a clear intent on behalf of Progressive to harass the Plaintiff and willfully violate the law.

27. Progressive also made threats to garnish Plaintiff's wages to pressure him to make payment arrangements. To date, no garnishment action or proceeding has commenced.

28. Progressive used rude and abusive language with the Plaintiff, insulting his intelligence and screaming at him.

**C. Plaintiff Suffered Actual Damages**

29. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

30. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

31. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692,** *et seq.*

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants communicated with the Plaintiff at a time and place known to be inconvenient.

34. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

35. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE DCCPA - D.C. Code § 28-3814

39. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. The Defendants violated D.C. Code § 28-3814(d)(1), through the use of language that was intend to unreasonably abuse the Plaintiff.

41. The Defendants violated D.C. Code § 28-3814(d)(2), by placing telephone calls to Plaintiff at his place of employment with the intent to harass and otherwise abuse the Plaintiff.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the DCCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-3814(j)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Awarding the Plaintiff punitive damages against the named Defendants, jointly and severally, for their willful violations as is found appropriate pursuant to D.C. Code § 28-3814(j)(2); and

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 4, 2011

                 Respectfully submitted,

                 By _____

                 Jody B. Burton, Esq.
                 LEMBERG & ASSOCIATES L.L.C.
                 1100 Summer Street, 3rd Floor
                 Stamford, CT 06905
                 Telephone: (203) 653-2250
                 Facsimile:  (877) 795-3666
                 Attorneys for Plaintiffs